NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNNYSIDE MANOR, INC., | Civil Action No. 02-02902 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| TOWNSHIP OF WALL AND BOARD OF ADJUSTMENT OF THE TOWNSHIP OF WALL, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff's motion to hold Defendants, Township of Wall and the Board of Adjustment of the Township of Wall, in contempt of the consent order, the Wall Township Planning Board's cross-motion for leave to intervene, and Wall Township's cross-motion to enforce the settlement.

The motions have been fully briefed, and the Court has reviewed the papers filed by the parties. It proceeds to rule on the motions without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will grant the Wall Township Planning Board's cross-motion for leave to intervene, will deny Plaintiff's motion to hold Defendants in contempt of the consent order, and will deny Wall Township's cross-motion to enforce the settlement.

1

### I. BACKGROUND

This is a civil action that was brought by Plaintiff Sunnyside Manor, Inc. ("Sunnyside Manor" or "Sunnyside") in 2002. In the original Complaint, Plaintiff alleged that Defendants violated the Fair Housing Act, the Americans with Disabilities Act, the substantive due process clause of the Fourteenth Amendment, and the equal protection clause of the Fourteenth Amendment. Sunnyside Manor, a senior living community in Wall Township, New Jersey, brought this lawsuit based on Wall Township's refusal to grant Sunnyside Manor a variance that would allow it to expand its building. The action was ultimately resolved through a Consent Order that was reached by the parties and approved by this Court. The Court retained jurisdiction of the matter in order to enforce the terms of the Consent Order.

#### a. THE CONSENT ORDER

On or about November 20, 2006, the parties agreed to resolve the matter and entered into a consent decree. The terms of the settlement were detailed in the Consent Order that was issued by this Court. The Consent Order required that Sunnyside Manor be provided the right to purchase the property known as "Lot 39 Block 805 on the Wall Township Tax Map." (Consent Order ¶ 1.) The Township agreed to convey a portion of its open space property, Lot 25, in order to "square off" Sunnyside's parcel of land. Sunnyside was to retain title to Lot 2 which would be "dedicated or restricted for conservation purposes" and "subject to the Payment in Lieu of Tax Agreement." (Consent Order ¶ 2.) In addition to providing Sunnyside Manor with the opportunity to obtain property, the Consent Order also required that the Township "grant any and all variances necessary for the creation of the two R-60 lots designated as lots 3 and 4 in Exhibit A." (Consent Order ¶ 3.) With respect to the new Sunnyside property, the Consent Order stipulated that the Township would enact a Mt. Laurel Congregate Care (MLCC) ordinance

which would be based upon the concept plan for the new facility and that "[t]here [would] be either no variances required or any necessary variances for this inherently beneficial facility [would] be favorably considered by the Township and its agency, the Planning Board." (Consent Order ¶ 4.) The new facility was to be a permitted use as a matter of right under the rezoning.

The Consent Order also required the Township to adopt Ordinance No. 24-2006. The ordinance established design criteria for properties located in certain zones and mandated that "any new development on the [] properties [would] be predominately for office use" and that buildings would be appropriately landscaped and buffered. (Consent Order ¶ 6.)

Per the consent order, Sunnyside was also afforded the right to prepare and file an application for the site plan approval of its new facility with the Wall Township Planning Board. The Board was to hear and approve Sunnyside's application within thirty days after Sunnyside's application was rendered complete.

The Consent Order further mandated that the Township agree that Sunnyside would "be entitled to make application for an eight-lot subdivision of its existing property" to the appropriate representatives, as well as the Wall Township Planning Board. Each lot was to be a minimum of 30,000 square feet in size, and the Township was to "grant any and all necessary bulk variances for this subdivision." (Consent Order ¶ 9.) Additionally, Sunnyside was provided the right to prepare and file an application for subdivision approval for the existing Sunnyside property with the Planning Board. The Consent Order further instructed that the Planning Board was to "hear and approve Sunnyside's application within thirty (30) days after the date on which the application [was] deemed to be complete." (Consent Order ¶ 10.)

The parties also agreed, per the Consent Order, that a number of beds located at Sunnyside's new facility would be designated for low and moderate income individuals. The

requirements and regulations to be applied in determining the number of beds and what persons would qualify for the beds was to be determined by the parties at a later date. The Consent Order further discussed particular requirements related to this stipulation. Notably, because Sunnyside was to set aside beds for low and moderate income persons, the Township agreed to provide Sunnyside with a Payment In Lieu of Tax Agreement for the entire facility located on the new property.

The Consent Order was "binding on the Township and the Board of Adjustment, its Agents and agencies, employees, and successors" as well as "Sunnyside, its agents, employees, successors, and assignees." (Consent Order ¶ 22.) This Court retained jurisdiction of the matter to enforce the terms of the Order.

## II.   SUBJECT MOTIONS

On February 21, 2020, Plaintiff filed a motion to find Defendants in contempt of the Consent Order and for appropriate sanctions. Specifically, Plaintiff alleges that Defendants granted and considered granting variances to businesses that intended to construct commercial and industrial sites. Additionally, Sunnyside Manor claims that the Township of Wall has refused to allow Sunnyside Manor to expand its parking lot and build a storage building on the property. Plaintiff claims that the Consent Order states that it "does not need to file an application for a variance, and the Township's refusal to allow Sunnyside Manor to build its parking lot expansion and storage building violates the Consent Order." (Plaintiff's Brief 22.)

In response, the Township of Wall filed a cross-motion to enforce the settlement among the parties. In its cross-motion, the Township of Wall requests that the Court enforce the component of the Consent Order addressing Plaintiff's obligation to participate in the Township's affordable housing program. Additionally, the Township of Wall opposes Sunnyside

Manor's motion to hold Defendants in contempt. The Township argues that the motion should be denied because Plaintiff failed to join necessary and indispensable parties, Plaintiff misinterprets the Consent Order, and the Township has no authority to grant the required variance that Sunnyside Manor requests.

On March 17, 2020, the Wall Township Planning Board filed a cross-motion for leave to intervene. The Planning Board simultaneously filed its opposition to Plaintiff's motion to hold Defendants in contempt of the Consent Order. In a letter dated April 3, 2020, Plaintiff's attorney indicated that Sunnyside Manor consents to the Planning Board's motion to intervene insofar as it seeks to allow the Planning Board to intervene in the action. As such, Plaintiff, as well as this Court, interpret the remaining arguments made by the Planning Board as the Planning Board's opposition to Plaintiff's original motion.

### III. DISCUSSION

#### a. WALL TOWNSHIP PLANNING BOARD'S CROSS-MOTION FOR LEAVE TO INTERVENE

The Wall Township Planning Board filed its cross-motion to intervene on March 17, 2020. On March 18, 2020, the Wall Township Planning Board filed a motion to amend/correct the cross-motion to intervene. Counsel for the Planning Board explained in a letter addressed to the Court that it sought to amend its counterstatement of facts only and that the changes did not affect the legal arguments that were presented in its brief. The Court has confirmed same and will grant the Wall Township Planning Board's motion to amend/correct the cross-motion to intervene.

The Wall Township Planning Board moves to intervene in the matter under Federal Rule of Civil Procedure 24. Plaintiff Sunnyside Manor consents to the Planning Board's cross-motion to intervene.

Federal Rule of Civil Procedure 24(a)(2) directs that:

> the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the matter at bar, it appears that Plaintiff seeks relief which would impede the interests of the Planning Board and this interest is not represented by any of the named Defendants. In its motion, Plaintiff asks the Court to order the Township to deny an application that is currently pending before the Planning Board. Because the duty to hear and decide land use applications lies with the Planning Board and not the Township, the relief that Plaintiff seeks would divest the Planning Board of its role, which is prescribed under New Jersey statute. N.J.S.A. 40:55D-37. Thus, because the Planning Board "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," the Court will grant the Planning Board's motion to intervene under Federal Rule of Civil Procedure 24(a)(2).

### b. SUNNYSIDE MANOR'S MOTION TO HOLD DEFENDANTS IN CONTEMPT OF THE CONSENT ORDER

Plaintiff alleges that Defendants have violated the terms of the Consent Order and moves for this Court to hold Defendants in contempt.

Specifically, Plaintiff alleges that Defendants approved a variance allowing Lot 4 to be subdivided into Lots 4.01 and 4.02. Lot 4.02 was then sold to Wall Storage Associates, LLC, and

Defendants then approved final site plans allowing Wall Storage to construct a storage facility on the property. Plaintiff argues that the storage facility is not a permitted use per the Consent Order and is in violation of Ordinance No. 24-2006 as to size and usage.

Plaintiff further claims that Defendants are in violation of the Consent Order because Twin Resources, Inc. submitted an application for a "major preliminary and final site plan with bulk variances for a commercial landscaping operation."[1] (Plaintiff's Brief 14.) Plaintiff argues that because the proposed development is not predominately for office use, the intended uses, which are detailed in the pending application, violate the Consent Order and Ordinance No. 24-2006.

Sunnyside Manor contends that the Township's failure to remediate violations on Lot 7.01 constitutes a violation of the Consent Order as well as Ordinance No. 24-2006. On March 20, 2018, the Township conducted a site inspection on Lot 7.01. This parcel of land contains an asphalt production facility operated by PSC Material. Following the site inspection, the Township issued violations to PSC Material for several deficiencies. Plaintiff appears to argue that the Township is in violation of the Consent Order and Ordinance No. 24-2006 because it has failed to enforce PSC Material's compliance with local ordinances. Moreover, Plaintiff also claims that the asphalt production facility itself violates the Consent Order and Ordinance No. 24-2006 as it is not predominately for office use and is not appropriately maintained.

Finally, Plaintiff has requested permission to expand its parking lot and build a storage facility on its property. In response to this request, Township officials informed Plaintiff that it would need to file an application for a variance. Plaintiff claims that the Consent Order stipulates that it would not be required to obtain a variance for the expansion of its parking lot, or for the

---

[1] The application was filed by Twin Resources on June 26, 2019 and remains pending. The Wall Township Planning Board has yet to review the application because of the pending motion.

7

construction of the storage facility. Thus, by requiring Plaintiff to file an application for a variance, Plaintiff alleges that Defendants have violated the terms of the Consent Order.

In response, Defendant Wall Township asserts that Plaintiff misinterprets the Consent Order and that the Consent Order did not confer upon Plaintiff the right to control all of the development along Ridgewood Road. The Township states that Plaintiff must apply for variances and approval to improve its property, and the Consent Order does not, and cannot, exempt Plaintiff from these required processes. Further, the Township argues that the Consent Order does not and cannot mandate that the Township or the Board of Adjustment deprive other property owners of their right to apply for land use variances. The Township asserts that it has not violated the terms of the Consent Order, and therefore, Plaintiff's motion should be denied. Additionally, the Township contends that the motion should be dismissed on alternative grounds for failure to join necessary and indispensable parties.

The Wall Township Planning Board also opposes Plaintiff's motion and claims that Plaintiff misunderstands what benefits were conferred upon it through the Consent Order. The Planning Board states that Plaintiff's understanding of the Consent Order seeks to impermissibly expand those rights and benefits.

The Consent Order reads, in pertinent part, as follows:

> The Township has enacted an ordinance (Ordinance no. 24-2006) establishing design criteria for the properties located in the OR-5 zone on Ridgewood Road and Atlantic Avenue including Lots 4, 5, 7.01 and 7.02 in Block 806. The purpose of the aforesaid ordinance is to ensure that any new development on the aforesaid properties will be predominately for office use; that no loading docks or other industrial type appurtenances will be permitted; and that any buildings to be constructed will be appropriately landscaped and buffered and will have facades of brick or other material appropriate for Class A office development.

8

(Consent Order ¶ 6.) The Consent Order documented the purpose of Ordinance No. 24-2006, which had already been enacted at the time that the Consent Order was agreed upon by the parties and issued by this Court. The Consent Order did not, however, mandate that the Wall Township Planning Board, the Board of Adjustment, or the Township deny use variances to property owners in the OR-5 zone.[2] Similarly, the Consent Order did not deprive property owners of their statutory right to file applications for variances. Finally, the Consent Order provided no guidance or mandates regarding the Township's enforcement of Ordinance No. 24-2006. Thus, Sunnyside Manor's claims that approval of the site plans for the construction of a storage facility on Lot 4.02, Twin Resources' submission of an application for the proposed development of a commercial landscaping operation, and the Township's failure to remediate violations on Lot 7.01 constitute violations of the Consent Order are unsubstantiated.

With respect to Plaintiff's claim that the Consent Order mandates the denial of applications for design waivers and use variances, Plaintiff's interpretation of the Consent Order is incorrect. The Consent Order does not include any such requirement. Rather, the Consent Order simply confirmed the purpose of Ordinance No. 24-2006. Moreover, had there been a stipulation in the Consent Order mandating such a result, the Court would have to render the Consent Order ultra vires. The Consent Order cannot deprive the Wall Township Planning Board of its statutory duty to hear and decide land use applications. See N.J.S.A. 40:55D-68. Additionally, the Consent Order cannot divest property owners of their important property rights,

---

[2] It should be noted that the Supreme Court of New Jersey has long protected the powers of the planning and zoning boards. "The planning and zoning boards are not only protected by statute; courts have also protected their powers to rule on zoning and planning matters from adulterat[ion] or interfere[nce] . . . by acts of local governing bodies or officials." Paruszewski v. Township of Elsinboro, 154 N.J. 45, 54 (1998) (internal quotation omitted). Accordingly, rather than filing the subject motion, had Plaintiff intended on contesting the decision of the Wall Township Board of Adjustment, Plaintiff's only appropriate avenue to appeal the Board's decision would have been to file an action in lieu of prerogative writs under Rule 4:69. See Hopewell Valley Citizens' Group, Inc. v. Berwind Property Group Development Co., L.P., 204 N.J. 569, 577 (2011). Plaintiff had forty-five (45) days to file such action in the appropriate vicinage of the Superior Court of New Jersey.

namely, their right to apply for variances, seek relief from decisions made by local officials and their right to be heard on such applications. See Harz v. Borough of Spring Lake, 234 N.J. 317, 333, reconsideration denied, 235 N.J. 119 (2018) ("The right of an interested party to appeal the issuance of a zoning permit—to have her concerns 'heard'—is rooted in principles of property rights, specifically the right to not be deprived of an interest in one's property without process."); see also N.J. Const. art. 1, ¶ 1.

Sunnyside Manor further argues that Defendants should be held in contempt for violations of the Consent Order because Defendants have failed to permit Plaintiff to expand its parking lot and build a storage unit on Plaintiff's property. Rather, Township officials have informed Plaintiff that it needs to file an application for a variance. Plaintiff claims that by requiring that Plaintiff file an application for a variance, Defendants are in violation of the Consent Order. Plaintiff contends that, per the Consent Order, it is not required to submit applications for variances related to the planned expansion of its parking lot or the construction of the storage unit.

The Consent Order includes the following provisions regarding the new Sunnyside property, the planned expansion of Sunnyside Manor's parking lot, and the construction of a storage unit.

> Within thirty days of the execution of this agreement, the Township will enact a Mt. Laurel Congregate Care (MLCC) ordinance similar to Township ordinance no. 140-305 in regard to density, setbacks, impervious coverage, height, and the like to encompass the new Sunnyside property. The MLCC ordinance will be based upon the concept plan . . . presented to the Township by Sunnyside for the new facility. There will be either no variances required or any necessary variances for this inherently beneficial facility will be favorably considered by the Township and its agency, the Planning Board. The concept plan and the ordinance will be based upon building coverage of twenty percent and impervious coverage of forty percent and provide for a density not

> to exceed thirty units per acre. The new facility to include an assisted living, nursing and ambulatory care facility shall be a permitted use as a matter of right under the rezoning.

(Consent Order ¶ 5.)

> Sunnyside has the right to prepare and file with the Wall Township Planning Board an application for site plan approval of the facility to be constructed on the new Sunnyside property. The Wall Township Planning Board shall hear and approve Sunnyside's application within thirty (30) days after the date on which its application is deemed to be complete.

(Consent Order ¶ 7.)

> The Township agrees that Sunnyside will be entitled to make application for an eight-lot subdivision of its existing property on Ramshorn Drive and Lakewood Road to the appropriate township representatives and entities including the Wall Township Planning Board. Sunnyside agrees that each lot will be a minimum of 30,000 square feet in size. The Township, through its authorized agents and representatives including the Planning Board, will grant any and all necessary bulk variances for this subdivision.

(Consent Order ¶ 9.) As made clear by a plain reading of the Consent Order, the Township was not required to grant required variances to Sunnyside Manor, and Sunnyside Manor was not relieved of its obligation to apply for such variances. When variances were required for Sunnyside's new facility, the Township and its agency, the Planning Board, was to "favorably consider" those applications. Paragraphs Seven and Nine of the Consent Order further support the implication that Sunnyside Manor was required to make applications for construction and expansions that it sought on both the new Sunnyside property and the existing property; these sections of the Consent Order provide requirements for the Township's consideration of such applications. Thus, Plaintiff's suggestion that the Consent Order relieved Plaintiff of submitting

required applications for variances and site plan approval is controverted by the specific provisions included within the Order.[3]

Here, Plaintiff alleges that Defendants have violated the terms of the Consent Order by requiring Plaintiff to apply for a required variance. As discussed above, simply requiring that Plaintiff submit an application for a necessary variance does not constitute a violation of the Consent Order. The Consent Order stipulates how Defendants must consider these applications but does not dismiss Plaintiff of its requirement to submit these applications. Thus, the Court finds that none of the provisions of the settlement agreement have been violated, and the Court will deny Plaintiff's motion to hold Defendants in contempt.

In response to Plaintiff's motion to hold Defendants in contempt, Defendant Wall Township argues that the motion should be dismissed for failure join necessary and indispensable parties, namely Wall Storage Associates, LLC ("Wall Storage") and Twin Resources, Inc. ("Twin Resources"). Plaintiff asks this Court to reverse the Board of Adjustment's decision to grant a variance to Wall Storage on Lot 4. Plaintiff also asks this Court to order that the Board of Adjustment deny Twin Resources' pending application for a variance on Lot 5. Defendant notes that neither Wall Storage nor Twin Resources were named parties in the original action and were not parties to the Consent Order. Plaintiff alleges that neither Wall Storage or Twin Resources are necessary or indispensable parties because they have "no interests under the Consent Order." (Plaintiff's Reply Brief, 22.)

---

[3] In certain instances, per the Consent Order, the Township and its agents "agree[d] to grant any and all variances necessary" for the creation of designated lots. (Consent Order ¶ 3.) The Court notes, however, that even as it relates to these specific properties and lots, the Consent Order did not relieve any property owners of their obligation to apply for required variances. Rather, the Consent Order required that the Township grant the necessary variances to those property owners. By requiring that Township officials grant variances, the language included within the Consent Order implies that property owners still apply for these necessary variances. There is no provision which alleviates property owners of the requirement that they apply for necessary use variances.

In the matter at bar, Plaintiff seeks relief that would deny Wall Storage of a variance that it was previously granted by the Wall Township Board of Adjustment and would deny Twin Resources of its right to apply for a variance and be heard on that application. Clearly, both Wall Storage and Twin Resources claim an interest that directly relates to the subject of the action before this Court, and both are necessary and indispensable parties. Plaintiff's arguments to the contrary rely upon its misunderstanding of the Consent Order and the benefits conferred to Plaintiff under that Order. As previously discussed, the Consent Order did not deny property owners from making applications for use variances in lots named in the Consent Order. Similarly, the Consent Order did not mandate that the Board of Adjustment deny such applications. Thus, the right to apply for variances remains an interest belonging to property owners, i.e. Wall Storage and Twin Resources. Plaintiff seeks to deny these property owners of this right. As such, the Court finds that both Wall Storage and Twin Resources are necessary and indispensable parties to the subject motion. Therefore, in addition to denying the motion because Plaintiff is not entitled to the relief sought, the Court will dismiss the motion on alternative grounds for failure to join necessary and indispensable parties.

### c. WALL TOWNSHIP'S CROSS-MOTION TO ENFORCE SETTLEMENT

Defendant Wall Township filed a cross-motion to enforce the original settlement between the parties. Defendant seeks to enforce Section I.C of the Consent Order wherein Plaintiff "agree[d] to set aside a number of beds in its new facility for low and moderate income Mt. Laurel housing consistent with COAH and HMFA regulations and consistent with its own assessment of economic feasibility." (Consent Order ¶ 13.) The Consent Order further provided that, because of Sunnyside's agreement to "set aside [beds] for affordable housing to be provided in the new Sunnyside facility, the Township agree[d] to provide Sunnyside with a Payment in

Lieu of Tax Agreement for the facility on the new Sunnyside property at the rate of 6.28% of net rental income . . . for the entire facility." (Consent Order ¶ 18.)

A properly filed cross-motion must be related to the subject matter of the original motion that was filed. Local Civil Rule 7.1(h) states that "[a] cross-motion related to the subject matter of the original motion may be filed by the party opposing the motion . . . ." While the original motion pertains to violations of the Consent Order, Defendant Wall Township's cross-motion relates to enforcement of a separate portion of the settlement agreement. Defendant's cross-motion relates entirely to the affordable housing program that Plaintiff was required to participate in, per the Consent Order. This portion of the agreement is completely unrelated to the alleged violations that are the subject of Plaintiff's motion. Thus, because Defendant's cross-motion is unrelated to the subject matter of Plaintiff's original motion, as required under Local Civil Rule 7.1(h), Defendant's cross-motion will be dismissed without prejudice. Defendant is free to file a separate motion.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant the Wall Township Planning Board's cross-motion for leave to intervene. The Court will deny Plaintiff's motion to hold Defendants in contempt of the Consent Order. Finally, the Court will dismiss without prejudice Defendant Wall Township's cross-motion to enforce the settlement. An appropriate Order will be filed.

>     s/ Stanley R. Chesler
> STANLEY R. CHESLER
> United States District Judge

Dated:  May 29, 2020